UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MELVIN HERRON** | § § § § | |
| Plaintiff | § § | |
| VS. | § § § | |
| **WALMART INC.** | § § § | Case No. 4:23-cv-125 |
| Defendant | § § § § § § § § | |

### PLAINTIFF'S COMPLAINT

COMES NOW MELVIN HERRON, hereinafter "Plaintiff", complaining of Defendant WALMART INC., hereinafter "Defendant" or "Walmart", and in support of his causes of action, respectfully alleges to the Court the following:

### THE PARTIES

1. Plaintiff Melvin Herron is a citizen of the State of Texas and an individual resident of Pinehurst, Montgomery County, Texas.

2. Defendant Walmart Inc. is a foreign corporation registered to do business in Texas and does business in Texas. Walmart is a Delaware corporation with its principal place of business in Arkansas. Walmart may be served by serving its registered agent c/o CT Corp System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity between Plaintiff and Defendant as each are residents of differing states.

4. This Court has specific personal and general jurisdiction over the Defendant. Defendant has done business in Texas, sold, marketed, and placed into the stream of commerce in Texas, and has committed negligent acts or omissions in Texas, as is further alleged below.

5. Venue in this District is proper under 28 U.S.C. § 1391 because the wrongful act or omission of Defendant occurred within this Judicial District.

## FACTUAL BACKGROUND

6. On or about June 8th, 2022, Plaintiff Melvin Herron was an invitee at a Walmart located at 27650 State Highway 249, Tomball, Harris County, Texas 77375. At the time of the incident, the aforementioned property was possessed, owned, and operated by Defendant Walmart. While on Defendant's premises, Plaintiff's foot became stuck on a sticky substance inside the restroom, causing him to lose his balance and fall forward. As a result of the Plaintiff's fall, Plaintiff suffered bodily injuries for which he now seeks redress.

## PREMISES LIABILITY

7. The incident made the basis of this lawsuit resulted from the improper conduct of Defendant Walmart. At the time of the underlying incident, Plaintiff was an invitee on property possessed, owned, and operated by Defendant. While Plaintiff was an invitee on Defendant's property, there existed a condition on the premises that posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the danger. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and/or by failing to make the

condition reasonably safe. Defendant's breach of its duty was a proximate cause of the occurrence, injuries, and damages to Plaintiff now made the basis of this suit.

## **DAMAGES**

8. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs, and as a direct and proximate result of Defendant's breach of duty, Plaintiff suffered serious and debilitating injuries in the past and will in all reasonable probability sustain additional damages in the future.

9. Plaintiff respectfully prays that the trier of fact determine the amount of his damages and losses incurred in the past and the damages and losses he is likely to incur in the future. Upon such determination, Plaintiff further prays that the jury issue a monetary award as compensation for these damages, which should include, but not be limited to, compensation for his:

    a. past, present, and future physical pain and suffering;

    b. past, present, and future mental anguish;

    c. past, present, and future physical impairment;

    d. past, present, and future disfigurement;

    e. past, present, and future medical care expenses; and

    f. past, present, and future out-of-pocket economic losses.

10. Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court. Plaintiff seeks prejudgment and post-judgment interest as allowed by law, all costs of court, and any and all other and additional relief, whether general or special, at law or in equity, to which he may show himself justly entitled.

**CONCLUSION & PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial and a hearing hereof, Plaintiff recover damages in accordance with the evidence including, but not limited to, prejudgment and post-judgment interest, costs of court, and any and all other and further relief, whether general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

By: */s/ J. Ryan Fowler*
**J. Ryan Fowler**
Texas Bar No. 24058357
Federal Bar No. 1060803
Miguel Cano
Texas Bar No. 24115655
Federal Bar No. 3644911
**THE POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388
Email: RFowler@potts-law.com
MCano@potts-law.com
**ATTORNEYS FOR PLAINTIFFS**